IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD W. HERNANDEZ, : | |
|     Petitioner : | |
| : | No. 1:08-cr-00164 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

**MEMORANDUM**

Before the Court is Petitioner Richard Hernandez ("Petitioner" or "Hernandez")'s Motion to Vacate Sentence under 28 U.S.C. § 2255 in the above-captioned case. (Doc. No. 70.) For the reasons that follow, the Court will deny the motion.

**I.   BACKGROUND**

On August 1, 2008, Petitioner pled guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), pursuant to a written plea agreement. (Doc. Nos. 35, 44.) A Presentence Report ("PSR") was prepared and Petitioner was determined to be a career offender, based on prior convictions for robbery and conspiracy to commit robbery in Pennsylvania. (PSR ¶¶ 50, 55, 57, 58.) The PSR determined that Petitioner's sentencing guideline range was 188 to 235 months as a career offender based on an offense level of 31 and a criminal history category of VI. Because he pled guilty to violating 18 U.S.C. § 924(c), Petitioner also faced a sentence of 84 months' imprisonment to be served consecutive to his sentence on the armed bank robbery counts, resulting in a sentencing guideline range of 272 to 319 months. (PSR ¶ 83.)

On November 10, 2008, Judge Caldwell adopted the PSR, granted a downward variance based on the 18 U.S.C. §3553(a) factors, and sentenced Petitioner to 224 months' imprisonment.

(Doc. No. 54.) The sentence consisted of 140 months' imprisonment on counts one, two and three (to be served concurrently), and 84 months' imprisonment on count four, to be served consecutively to the other counts. (Doc. No. 55 at 2.) Thereafter, Petitioner appealed, and the Third Circuit affirmed the Court's judgment on July 26, 2010. (Doc. Nos. 51, 69-3.)

On June 8, 2016, Petitioner filed the instant motion to vacate sentence (Doc. No. 70), in reliance on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[1] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner. (Doc. No. 72.) Petitioner's motion argues that the Supreme Court's decision in Johnson invalidating the ACCA's residual clause and its definition of a crime of violence applies to the residual clause of the definition of a crime of violence in the Sentencing Guidelines for purposes of designating defendants as career offenders, and to the residual clause of the definition of a crime of violence in 18 U.S.C. § 924(c), and therefore, his sentence violates due process. (Doc. No. 70 at 4-10.)

Subsequently, Judge Caldwell granted the Government's unopposed motion to stay consideration of Petitioner's motion pending the Supreme Court's decision in Beckles v. United States, and the Third Circuit's resolution of several cases with the potential to impact the Court's

---

[1] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

decision on Petitioner's motion. (Doc. Nos. 77, 78.) The Government's motion noted that, in Beckles, the Supreme Court was poised to determine whether the holding of Johnson applies to the residual clause of the career offender guideline, U.S.S.G. 4B1.2(a)(2), and that the cases pending before the Third Circuit were expected to address whether Johnson applies so as to invalidate the residual clause contained in the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B). (Doc. No. 77 at 2-3.) Accordingly, the Government noted the likelihood that the pending decisions "will be dispositive on the issue of whether [Petitioner] may use the Johnson decision to attack his conviction and sentence." (Id. at 3.) Thereafter, Petitioner's motion was reassigned to the undersigned. On August 22, 2019, the Court issued an order lifting the stay of proceedings in this matter and directing the Government to respond to Petitioner's motion. (Doc. No. 81.) On September 11, 2019, the Government filed a brief in opposition to Petitioner's motion. (Doc. No. 82.)

On September 23, 2019, Petitioner's counsel, the Federal Public Defender's Office, filed a motion to withdraw as counsel in this matter. (Doc. No. 83.) In the motion, counsel represented that "[i]n light of binding Third Circuit precedent identified by the Government in its brief, a difference of opinion has ar[isen] regarding the litigation of this case," and, therefore, counsel sought to withdraw from the representation of Petitioner and permit him to litigate this matter pro se. (Doc. No. 83 at 2.) By Order dated September 25, 2019, the Court granted the motion and permitted Petitioner an extension of time to file a brief in reply to the Government's response. (Doc. No. 84.) On October 4, 2019, Petitioner filed a brief in reply. (Doc. No. 85.)

Petitioner's motion to vacate under 28 U.S.C. § 2255 is, therefore, ripe for decision.[2]

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of 15 years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause referred to crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." See id.

The basis of Petitioner's motion is his argument that Johnson's holding invalidating the ACCA's residual clause and its definition of a crime of violence applies to (1) the residual clause of the definition of a crime of violence in the Sentencing Guidelines for the purposes of designating defendants as career offenders, and (2) the residual clause of the definition of a crime of violence in 18 U.S.C. § 924(c). (Doc. No. 70 at 4-10.)

---

[2] On January 16, 2020, Petitioner filed a Motion for Leave to Amend Section 2255 Motion. (Doc. No. 86.) For the reasons set forth below, the Court will deny the motion.

4

With regard to Petitioner's challenge to his career offender designation under the Sentencing Guidelines, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court held that Johnson's holding invalidating the residual clause of the ACCA did not apply to the residual clause of the United States Sentencing Guidelines' career offender definition, as Petitioner argues here. See Beckles, 137 S. Ct. at 895 (holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the due process clause" and "that §4B1.2(a)'s residual clause is not void for vagueness"). Accordingly, Johnson's holding does not affect the validity of Petitioner's sentence under the advisory Sentencing Guidelines, and therefore, he is not entitled to Section 2255 relief on this ground.[3]

With regard to Petitioner's Johnson-based challenge to the residual clause of the definition of a crime of violence in Section 924(c), the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), to consider the issue of whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[4] However, Davis's

---

[3] In his pro se reply brief, Petitioner appears to concede that Beckles forecloses a Johnson challenge to the residual clause of the Sentencing Guidelines' career offender definition (Doc. No. 85 at 2); however, he maintains that despite that fact, he is still able to argue that one of the predicate offenses used to determine his career offender status under the guidelines – conspiracy to commit robbery – is not a crime of violence. Petitioner's argument, however, is misplaced. Beckles forecloses Petitioner's Johnson-based argument related to his designation as a career offender under the Sentencing Guidelines. Moreover, absent reliance on Johnson in connection with his challenge to the Sentencing Guidelines' career offender definition (which Beckles forecloses), Petitioner's Section 2255 motion would be untimely pursuant to 28 U.S.C. § 2255(f), having been filed on June 8, 2016, almost six years after his conviction became final.

[4] The Supreme Court in Davis did not expressly state that its holding in the case applies retroactively to cases on collateral review. However, the Third Circuit has recently held that

5

holding as to Section 924(c)'s residual clause does not afford Petitioner relief.

Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, possesses, brandishes, or discharges a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(i)-(iii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See 18 U.S.C. § 924(c)(3). Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

Regardless of Davis's implications for Petitioner's challenge to Section 924(c)(3)'s residual clause, Petitioner's challenge to his consecutive sentence imposed pursuant to Section 924(c) fails because his conviction for armed bank robbery constitutes a crime of violence under Section 924(c)(3)'s "elements clause." In United States v. Johnson, 899 F.3d 191 (3d Cir. 2018), the Third Circuit specifically held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence for purposes of Section 924(c). See Johnson, 899 F.3d at

---

Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, 934 F.3d 296 (3d Cir. 2019); see also In re Hammond, 782 F. App'x 899 (11th Cir. 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

6

202-04.[5] In Johnson, the Third Circuit noted that the defendant was convicted of violation of Section 2113(d), which proscribes armed bank robbery, which is committed when in the course of committing bank robbery in violation of Section 2113(a), a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." See id. at 203-04 (quoting 18 U.S.C. § 2113(d)). In response to the defendant's argument that unarmed bank robbery under Section 2113(a) cannot qualify as a crime of violence, the Third Circuit held that its decision in United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), which held that unarmed bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under the elements clause of the career offender Sentencing Guidelines, governed the question presented by the defendant's appeal. Accordingly, pursuant to the Third Circuit's decision in Johnson, armed bank robbery in violation of 18 U.S.C. § 2113(d) constitutes a crime of violence under the elements clause of Section 924(c)(3). Because Petitioner was convicted of armed bank robbery in violation of Section 2113(d), his conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3), and he is, therefore, not entitled to relief pursuant to Johnson and Davis.[6]

## III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court

---

[5] At the time, having found that a conviction under Section 2113(d) qualifies as a crime of violence under the elements clause of Section 924(c)(3), the Third Circuit declined to address the defendant's constitutional challenge to the residual clause of Section 924(c)(3). See id. at 203.

[6] As noted above, Petitioner recently filed a Motion for Leave to Amend his Section 2255 motion (Doc. No. 86) in light of United States v. Davis, 139 S. Ct. 2319 (2019). Because Davis fails to afford Petitioner the relief he seeks, as discussed supra, the Court will deny the motion.

7

unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

**IV.     CONCLUSION**

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.